Boynton, J.
The seventh section of the act to provide against the evils resulting from the sale of intoxicating liquors, as amended April 18,1870 (67 Ohio L. 101), authorizes a recovery in damages for an injury to person, property, or means of support, resulting from intoxication •caused by a sale or gift of intoxicating liquors, when unlawfully made. Baker v. Beckwith, 29 Ohio St. 814.
The section, as originally enacted, gave a right of action for such injury, only when the same resulted from an unlawful sale. The civil liability created by the act was restricted, in terms, to the person who, “ by selling intoxicating liquors contraryto thisact,” shall have caused the intoxication of the person to whom sold. No liability attached to a giving away, unless done with the intent to evade the provisions of the act, and then such act of giving away was “ to be deemed and held an unlawful selling within the provisions of the act.” ■§ 9. This being the only reference made by the statute of 1854, as originally enacted, to a giving away of intoxicating liquors, and such act constituting in law an unlawful sale, *406 it is very manifest that the legislature, by omitting from! the section as amended the words “ contrary to this act,” and in so enlarging the civil liability as to embrace a. right to recover'damages, where the injury results from an-unlawful giving away, as well as from an unlawful sale, intended to authorize a recovery in such case, without respect, to the particular statute the act of giving away violated. Otherwise, it would be found difficult, upon any just or admitted rules of construction, to maintain the necessity of establishing an illegal sale or furnishing, in order to recover the damages awarded by the statute. We are of the opinion that an injury of the kind for which the statute gives redress — that is, an injury to person, property, or-means of support, resulting from intoxication caused by a sale or giving away of intoxicating liquors,.in violation of any act providing'against it — brings the case within the amended section, and subjects the party thus violating the-statute to the civil liability thereby created.
Hence, the court did not err in directing the attention of the jury to the act of 1831, prohibiting the sale of spirituous liquors on Sunday, and to the act of 1866, making- it unlawful to furnish intoxicating liquors to a person in the-habit of getting intoxicated. But it is said that the court instructed the jury to hold the defendant below responsible-for sales made on Sunday, whether or not they found the-liquor was sold to be drank on the premises, and regardless of the fact of Bahney’s habit of getting intoxicated. We have carefully read the evidence set out in the bill of exceptions, and fail to find an instance where Bahney procured liquor on Sunday at defendant’s saloon aud carried, the same away. Therefore, the instruction, if given and wrong, was not prejudicial to the defendant. Indeed,, all the testimony relating to sales to Bahney on Sunday was quite competent as tending to show a violation of either the first or third section of the act of 1854.
It is also claimed, that the court erred in instructing the-jury, that if other persons purchased liquor of the defendant, part of which was furnished to Bahney by the defend *407 ant, Bahney being at the time intoxicated, or in the habit' of getting intoxicated, to the knowledge of the defendant, the act or acts of so furnishing were unlawful. Interpreting this instruction in the light of the testimony to which it evidently referred, we understand the court to have meant, that although the liquor was called and paid for by another, yet it being designed to be drank at the defendant’s bar, by the person calling for it, and Bahney, the defendant knowing Bahney was there to drink the same, and furnishing it for that purpose, such act of the defendant would constitute a furnishing by him to Bahney. This is in entire accordance with the ruling in The State v. Munson, 25 Ohio St. 881. The fact that the person purchasing the liquor was also guilty of furnishing the same to Bahney, does not relieve the defendant’s participation in the illegal transaction of its criminal character.
It is next contended, that proof of sales of liquor not to be drank upon the premises where sold, and of furnishing in violation of the act of 1866, was not warranted under the petition, and that the court erred in receiving the same against the objection of the defendant. To determine the validity of this objection, the ground of the action should be carefully noted. „ The substantial grievance of which the plaintiff complained was an injury to her means of support resulting from the intoxication of her husband, superinduced by the defendant’s act of furnishing him intoxicating liquors unlawfully. The petition charged the defendant with unlawfully selling and giving the liquor to Bahney, thereby causing his intoxication, with knowledge of his habit of intoxication. It was also averred, that the liquor was sold to be drank where sold. This averment was entirely unnecessary, as it was clearly immaterial whether the liquor was sold to be drank where sold or not, so long as the defendant had knowledge of Bahney’s habit of getting intoxicated. A sale of liquor to be drank upon the premises, or elsewhere, must result in intoxication and a consequent injury, before any liability arises under the *408 statute. But where the seller has knowledge that the person buying is in the habit of getting intoxicated, a sale which violates section one of the act of 1854, also violates section three. But section three may be violated without violating section one. The question then amounts to this: Bid the admission of evidence showing sales not to be drank on the premises, clearly competent under the petition had not a particular place of drinking been specified, so affect the substantial rights of the defendant below, as to justify or require the reversal of the judgment ?
Section 131 of the code provides that, “ no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon. the court may order the pleading to be amended, upon such terms as may be just.” No action, under this section, was taken or sought at the trial. Where the variance is not material within the meaning of this section, the pleading, may be amended to conform to the proof, without costs. § 132. That the evidence, at the trial, should be confined to the issue, admits of no doubt. The rule is as inflexible since as before the code, that the allegations and proof must correspond. But where the variance between the allegations and proof is such that the court would allow an amendment, under section 132, without costs, to conform the pleading to the proof, the variance can not be deemed so far material under section 131, as to justify a reversal of the judgment. We think the variance, in the present case, was of that character, and that, upon motion, an amendment striking out the allegation that the liquor was sold to be drank where sold, ought to have been allowed, without costs.
Nor do we think a failure to establish habitual intoxication would defeat the right to recover. If the jnry were satisfied, *409 from the evidence, that the plaintiff had sustained'an injury in her means of support, in consequence of the intoxication of her husband during the period of time stated in the petition, caused by the illegal sales of the defendant, she was entitled to recover. The failure to establish habitual intoxication could only affect the measure of damages.
It is next claimed, that the court erred in charging the jury, that if the liquor so sold or furnished to Bahney, in part caused his intoxication, the defendant would be responsible for such instance of intoxication, and that if the liquor so sold or furnished caused his intoxication, either .alone or in connection with liquor not obtained from the defendant, in a sufficient number of instances to satisfy the jury that Bahney was habitually intoxicated by such liquor acting alone, or acting with such liquor of others, that they should find that the defendant caused such habitual intoxication. The objection nrged against the rule here stated, is that it holds one man responsible for the act •of another, and hence is unconstitutional.
We are satisfied that this position is entirely untenable, .and content ourselves with so declaring it, without entering upon an extended argument to establish its unsoundness. The business of the defendant, as conducted by him, being in open violation of the statute, a provision that holds him responsible for an injury to which his unlawful •conduct contributes, can not be said to be in conflict with any right guaranteed by the constitution. See Boyd v. Watt, 27 Ohio St. 259; Henshall v. Ludington, 33 Wis. 107. The weakness of the argument lies in the assumption that the seller is made or held responsible for the act of another. The act for which he is made liable is his act, voluntarily ■committed, in utter disregard of the plain provisions of the statute; an act committed with full knowledge of the risk encountered, and of the consequent liability that may follow, all of which could easily be avoided by conforming liis business to the requirements of the law.
By causing, in conjunction with others,-the injury for *410 which the action is brought, by an act in clear violation of the statute, he becomes a joint tort-feasor, and, as at common law, is liable for the entire damages resulting from such injury.
Nor do we think there was error in refusing to charge that, “ if the jury award the plaintiff any amount by way of exemplary damages, they should not consider the fact, if such they find it to be, that certain of the illegal sales, were made on Sunday.”
The testimony tended to show that the defendant uniformly kept the back door of his saloon open on Sunday, and that the husband of the plaintiff, and others, assembled thei’e on that day, and that he purchased and drank intoxicating liquors, causing his intoxication. This was a fact properly considered as bearing upon the duty to award exemplary damages.
But we are satisfied that the damages ai’e excessive,, and therefore that the verdict is against the evidence. The period of time covered by the illegal acts of the-defendant below was about two years and six months. The verdict was $5,000. It appears from the evidence, and, indeed, the plaintiff testified, that she and her-family were well provided for during that period by her husband. Her loss consisted principally in an injury to her means of future support. At the death, of the husband she was left in comfortable circumstances. Each child — five in number — has or had a like-remedy for injury to its means of future support, resulting from the same acts of the defendant. We are not. unmindful of the fact that the case has been twice tried at no little expense; but, in view of the facts developed at-the trial, fairly dedueible from the evidence disclosed by the bill of exceptions, we think the verdict was too large by twenty-five hundred dollars. A verdict may and ought to be set aside, as against the evidence (2 S. & C. 1155, § 4), where the damages are excessive, unless *the excess is remitted. If a remittitur in the above sum is entered by the- *411 plaintiff below the judgment will be affirmed, otherwise' reversed, and a new trial ordered.
Gilmore, J., dissented.